# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Jefferson County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 1034-2013-CD | FILED 2013 DEC -5 A 11: 18 TONYA S. GEIST JEFFERSON COUNTY PROTHONOTARY AND CLERK OF COURTS |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rule.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Thomas Peters | Lead Defendant's Name: AMFIRE Mining Company, LLC |
|---|---|
| Are money damages requested? [X] Yes [ ] No | Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits |
| Is this a *Class Action Suit?* [ ] Yes [X] No | Is this an *MDJ Appeal?* [ ] Yes [X] No |

Name of Plaintiff/Appellant's Attorney: Julie Wieczorek Fritsch

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [X] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, PENNSYLVANIA

| | |
|---|---|
| **THOMAS PETERS,** an individual, | CIVIL ACTION-LAW |
| Plaintiff, | CASE NO.: 1034- 2013CD |
| v. | TYPE OF CASE: Tort – Motor Vehicle |
| **AMFIRE MINING COMPANY, LLC**, a Delaware Corporation, and **ALPHA NATURAL RESOURCES, INC.**, a Delaware Corporation, | **COMPLAINT IN CIVIL ACTION** |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |
| | Filed on behalf of: |
| | Thomas Peters, Plaintiff |
| | COUNSEL OF RECORD FOR THIS PARTY: |
| | Signe O'Brien Rudberg, Esquire<br>Pa ID No.: 63576 |
| | Julie Wieczorek Fritsch, Esquire<br>Pa ID No.: 89931 |
| | RUDBERG LAW OFFICES, LLC<br>2107 Sidney Street<br>Pittsburgh, PA 15203<br>(412) 488-6000 |

TONYA S. GEIST
JEFFERSON COUNTY
PROTHONOTARY AND
CLERK OF COURTS



A TRUE COPY
ATTEST: PROTHONOTARY - CLERK

IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, PENNSYLVANIA

| | |
|---|---|
| **THOMAS PETERS,** an individual, ) | CIVIL ACTION-LAW |
| ) | |
| Plaintiff, ) | CASE NO.: 1034 13 C13-CD: 18 |
| v. ) | |
| ) | TONYA S. GEIST |
| **AMFIRE MINING COMPANY, LLC,** a ) | JEFFERSON COUNTY |
| Delaware Corporation, and **ALPHA** ) | PROTHONOTARY AND |
| **NATURAL RESOURCES, INC.,** a ) | CLERK OF COURTS |
| Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by your attorney, an filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the court, without further notice, for any money claimed in the Complaint, or of any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Laurel Legal Services
Main Street
Brookville, PA 15825
Telephone: (814) 849-3044

A TRUE COPY
ATTEST: PROTHONOTARY - CLERK

IN THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY, PENNSYLVANIA

| | |
|---|---|
| **THOMAS PETERS**, an individual, | CIVIL ACTION-LAW |
| Plaintiff, | CASE NO.: |
| v. | |
| **AMFIRE MINING COMPANY, LLC**, a Delaware Corporation, and **ALPHA NATURAL RESOURCES, INC.**, a Delaware Corporation, | |
| Defendants. | |

FILED

TONYA S. GEIST
JEFFERSON COUNTY
PROTHONOTARY AND
CLERK OF COURTS

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Thomas Peters, by and through his attorneys, Rudberg Law Offices, LLC, and files the herein Complaint in Civil Action, averring as follows:

1. Plaintiff Thomas Peters is an adult individual and resident of the Commonwealth of Pennsylvania, residing at 1485 Mountain Run Road, Penfield, Clearfield County, Pennsylvania, 15849.

2. Defendant AMFIRE Mining Company, LLC is a Delaware Corporation with a principal office at One Energy Place, Latrobe, Westmoreland County, Pennsylvania, 15650.

3. Defendant Alpha Natural Resources, Inc. is a Delaware Corporation with its principal place of business at One Alpha Place, Bristol, Virginia 24209. AMFIRE Mining Company, LLC is a subsidiary of Alpha Natural Resources, Inc.

4. The facts and occurrences hereinafter related took place on or about January 18, 2012 at the Dora #8 Deep Mine underground coal mining operation in Hamilton, Jefferson County, Pennsylvania.

5. Venue is appropriate in Jefferson County as the events giving rise to this lawsuit occurred therein.

A TRUE COPY
ATTEST: PROTHONOTARY - CLERK

6. At all times relevant hereto, Plaintiff Thomas Peters worked as a mine examiner for David Stanley Consultants, LLC at the Dora #8 Deep Mine in Hamilton, PA operated by Defendant AMFIRE Mining Company, LLC and/or Defendant Alpha Natural Resources, Inc. (hereinafter Defendants).

7. At all times material hereto, Defendants maintained operation and control over the Dora #8 Deep Mine underground coal mining operation in Hamilton, Jefferson County, Pennsylvania on and prior to January 18, 2012.

8. At all times relevant hereto, Defendants are liable for the negligent acts and omissions of its employees, agents or ostensible agents.

9. At all times relevant hereto, Defendants are liable for negligent maintenance of equipment owned, possessed, modified, repaired and/or maintained by Defendants, including but not limited to mantrips, at the Dora #8 Deep Mine.

10. On January 18, 2012, Plaintiff Thomas Peters was operating a mantrip downhill to enter the Dora #8 Deep Mine when the brakes failed to function, causing the mantrip, specifically a Johnson 4-wheeler, to collide with a telephone pole at a high rate of speed.

11. At all times relevant hereto, Defendants were responsible for the repair, maintenance and care of the subject mantrip.

12. At all times relevant hereto, Defendants owed a duty of care to Plaintiff and Defendants breached said duty.

13. At all times relevant hereto, Plaintiff Thomas Peters acted in a careful, cautious, reasonable and prudent manner, and was free of any comparative negligence and did not in any manner assume the risk of injury.

14. The aforementioned incident and resulting injuries and/or damages were due in no part whatsoever to any act or failure to act on the part of Plaintiff Thomas Peters.

4

15. This incident was investigated by the Mine Safety and Health Administration. Citations were issued for violation of Federal and/or State Mining laws.

16. Defendant AMFIRE Mining Company, LLC violated 30 CFR 75.1725(a) by failing to maintain the subject mantrip in a safe operating condition.

17. As a result of the incident described herein, Plaintiff Thomas Peters sustained severe, painful and permanent personal injuries, including, but not limited to:

    a. Jaw fracture;

    b. Posterior hard palate fracture;

    c. Extensive facial lacerations;

    d. Left-sided orbital fracture requiring surgery;

    e. Transverse process fractures at C7 and T1;

    f. Nasal fracture;

    g. Eight (8) rib fractures;

    h. Pneumothorax and pneumomediastinum;

    i. Open left elbow fracture with degloving requiring numerous surgical procedures including ORIF, latissimus dorsi pedicle flap procedure, and additional skin grafting; and

    j. Full thickness tears of supraspinatus, subscapularis and infraspinatus tendons of the left shoulder and fracture thereto resulting in reverse total arthroplasty.

18. As a result of the incident described herein, Plaintiff Thomas Peters has experienced and will experience great pain, suffering, embarrassment, inconvenience and mental anguish.

19. As a result of the incident described herein, Plaintiff Thomas Peters has incurred and will continue to incur a loss of earnings and earning capacity.

20. As a result of the incident described herein, Plaintiff Thomas Peters has been and will continue to be deprived of his ability to enjoy the pleasures of life.

21. As a result of the incident described herein, Plaintiff Thomas Peters has suffered substantial facial and bodily disfigurement.

22. By reason of aforesaid injuries sustained by Plaintiff, he incurred and will incur substantial expenses for medical treatment, medications, and similar miscellaneous expenses in an effort to restore himself to health, and claim is made therefore.

23. The aforementioned incident and the resulting injuries and damages sustained by Plaintiff Thomas Peters were directly and proximately caused by the negligence and carelessness of Defendants and their employees, agents, or ostensible agents in the following particulars:

   a. In failing to utilize reasonable care in the inspection, repair and/or maintenance of the subject mantrip;

   b. In failing to properly inspect, repair and/or maintain the subject mantrip;

   c. In failing to properly instruct, train and/or supervise employees in the inspection, repair and/or maintenance of the subject mantrip;

   d. In failing to regard the rights, safety and position of Plaintiff in permitting him to use the improperly-maintained subject mantrip;

   e. In failing to issue an adequate warning to Plaintiff in using the improperly-maintained subject mantrip when Defendants knew or should have known of the dangerous condition that existed thereon;

   f. In failing to ensure that the brakes were in working order prior to permitting Plaintiff to operate the subject mantrip on January 18, 2012.

   g. In failing to ensure that the subject mantrip was in a safe operating condition prior to permitting Plaintiff to operate the subject mantrip on January 18, 2012.

   h. In causing, allowing and/or permitting the subject mantrip to be maintained without a proper braking system.

   i. In failing to use the requisite and necessary degree of care and skill required in the maintenance, repair and/or inspection of the subject mantrip.

   j. In failing to properly inspect, repair and/or maintain the subject mantrip involved in this accident, so as to discover the failure of the braking system.

 k. In failing to take reasonable actions to ensure the safety of others, specifically Plaintiff.

24. Defendants committed negligence as a matter of law by violating Federal and/or State statutes and regulations, including but not limited to 30 CFR 75.1725(a).

25. In the organization of a coal company, it is incumbent upon the controlling entity of a mine to ensure that all persons working in or about its premises or mine are provided a safe place to work free from safety hazards. Reasonably prudent coal companies develop and implement standardized safety and operational procedures to ensure safety at mine sites. Defendant Alpha Natural Resources, Inc. negligently failed to put in place any standardized operating and safety procedures for the Dore #8 Deep Mine and/or negligently failed to monitor Defendant AMFIRE Mining Company, LLC's compliance with standardized operating and safety policies and training for the Dore #8 Deep Mine.

WHEREFORE, Plaintiff Thomas Peters demands judgment in his favor and against Defendants AMFIRE Mining Company, LLC and Alpha Natural Resources, Inc., and an award of damages in an amount in excess of the jurisdictional limits of arbitration, plus interest and costs.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

RUDBERG LAW OFFICES, LLC

Date: December 3, 2013

By: _____
Julie Wieczorek Fritsch, Esquire
Pa.ID#: 89931
Rudberg Law Offices, LLC
2107 Sidney Street
Pittsburgh, PA 15203
Telephone: (412) 488-6000
ATTORNEYS FOR PLAINTIFF

7

## VERIFICATION

The undersigned hereby verifies that he is the named Plaintiff in the foregoing action, that the facts set forth in Plaintiff's Complaint in Civil Action are true and correct to the best of his knowledge, information and belief, and further states that false statements herein are made subject to the penalties of 18 Pa. C.S §4904 relating to unsworn falsification to authorities.

_Nov. 27, 2013_  
Date

_Thomas Peters_  
Thomas Peters